## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID J. DIAZ-ANGARITA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2638 |
| | § | |
| COUNTRYWIDE HOME LOANS | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendants Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). By Order entered September 18, 2013 [Doc. # 5], the Court directed Plaintiff to file any opposition to the Motion to Dismiss by October 7, 2013. Plaintiff was cautioned that failure to respond would be construed as a statement of non-opposition and the motion would be granted as unopposed. Plaintiff neither filed a response to the Motion to Dismiss nor requested additional time to do so. As a result, the Motion to Dismiss is granted

as unopposed.  Moreover, the Court has reviewed the full record and applicable legal authorities.  Based on that review also, the Court **grants** the Motion to Dismiss.

## I.      BACKGROUND

In October 2006, Mathew Schonacher executed a Note for $126,500.00 payable to Countrywide.  Schonacher also executed a Deed of Trust naming MERS as a beneficiary and transferring to MERS certain enumerated rights in Schonacher's property in Harris County, Texas (the "Property").  *See* Deed of Trust, Exh. A to Motion to Dismiss.  The Deed of Trust was recorded in Harris County, Texas, on October 25, 2006.

In November 2009, MERS assigned the Deed of Trust and the Note to BAC Home Loans Servicing, LP, with which Bank of America later merged.  *See* Assignment of Deed of Trust, Exh. B to Motion to Dismiss.  The Assignment was recorded in Harris County, Texas, on January 11, 2010.  *Id.*

In December 2009, Substitute Trustees under the Deed of Trust were appointed. *See* Appointment of Substitute Trustee, Exh. D to Motion to Dismiss.  The Appointment was recorded in Harris County, Texas, on January 7, 2010.  Following a foreclosure sale on January 5, 2010, a Substitute Trustee's Deed conveying the property to Fannie Mae was recorded in Harris County, Texas, on January 12, 2010.

Plaintiff alleges that on November 26, 2008. a judgment was rendered against the Property in favor of Stone Creek Homeowners Association.  Plaintiff alleges that on March 2, 2010, the Property was sold under an Order of Sale to Kimberly Taylor. This sale occurred after the January 2010 foreclosure sale and recordation in Harris County, Texas, of the Substitute Trustee's Deed.  Plaintiff alleges that Kimberly Taylor conveyed the Property to Texas Foreclosure Relief Fund on July 23, 2012.  On September 7, 2012, Texas Foreclosure Relief Fund conveyed the Property to Plaintiff.

On August 2, 2013, Plaintiff filed this lawsuit in Texas state court.  Defendants filed a timely Notice of Removal to federal court.  Plaintiff seeks a declaratory judgment that the Substitute Trustee's Deed is void and that the January 2010 foreclosure was wrongful.  Plaintiff asserts causes of action for "fraud in the concealment," fraud in the inducement, to quiet title, and for rescission.  Defendants moved to dismiss, and the Motion is now ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement

to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir.2000)).

## III.   ANALYSIS

### A.   Claims for Declaratory Judgment

In Claims One and Seven, Plaintiff seeks a declaratory judgment that the Substitute Trustee's Deed is void because there was no valid notice of foreclosure and no appointment of a Substitute Trustee recorded in the records of the Harris County Clerk's Office (Claim One), and because there was no assignment of the Note and Deed of Trust recorded in Harris County (Claim Seven).  The documents referred to in Plaintiff's Complaint [Doc. # 1-1] and attached as exhibits to the Motion to Dismiss

establish clearly, however, that the Appointment of Substitute Trustee [Exh. D] and the Assignment of Note and Deed of Trust [Exh. B] were both filed with the County Clerk of Harris County, Texas.   Plaintiff was not entitled to notice of the 2010 foreclosure because he was not the debtor or any other party to the Deed of Trust.   *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. Jan. 14, 2009) (citing TEX. PROP. CODE § 51.002(b); *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App. – Beaumont 2003, pet. denied)).   Consequently, Plaintiff has failed to state a claim for the declaratory relief he seeks in Claims One and Seven. Defendants' Motion to Dismiss these two claims is granted.

In Claim Two, Plaintiff seeks a declaratory judgment that Defendants had no standing to foreclose.  The documents cited in the Complaint and attached as exhibits to the Motion to Dismiss. however, establish that Defendants did have standing to foreclose.   The Deed of Trust [Exh. A] identifies MERS as a beneficiary and as nominee for the original Note holder.  As a result, MERS qualified under Texas law as a mortgagee with authority to foreclose as the beneficiary of the Deed of Trust. *See Wiley v. Deutsche Bank Nat'l Trust Co.*, ___ F. App'x ___, 2013 WL 4779686, *2 (5th Cir. Sept. 6, 2013).   MERS had the authority under Texas law to transfer the Deed of Trust.  *See id.*  In November 2009, MERS assigned the Note and Deed of Trust to BAC Home Loans Servicing, LP ("BAC").  *See* Assignment of Note and

Deed of Trust, Exh. B to Motion to Dismiss.  Defendant Bank of America, N.A. is the successor by merger to BAC.  Consequently, Bank of America was the holder of the Note and Deed of Trust and, therefore, had the authority to foreclose.  Plaintiff has failed to state a claim for the declaratory judgment requested in Claim Two, and Defendants' Motion to Dismiss that claim is granted.

###   B.   Fraud Claims

In Claim Three, Plaintiff asserts "fraud in the concealment" based on the allegation that Defendants failed to inform Schonacher, the original borrower, that the loan was securitized.  Plaintiff alleges (1) that Defendants concealed the securitization from Schonacher, (2) that the information was concealed with the intent to induce action by Schonacher, and (3) that Plaintiff relied to his detriment on Defendants' "misrepresentations" to Schonacher.  *See* Complaint [Doc. # 1-1], ¶¶ 57-60.  A plaintiff lacks standing to assert a fraud claim based only on alleged misrepresentations to a third party.  *See Hernandez v. Vanderbilt Mortg. and Fin., Inc.*, 2010 WL 3359559, *6 (S.D. Tex. Aug. 25, 2010) (unpublished).

Additionally, Plaintiff fails to allege a factual basis for his alleged reliance on misrepresentations allegedly made to Schonacher almost six years before Plaintiff obtained the Property.  As discussed above, the Deed of Trust, the Assignment of the Note and Deed of Trust, the Appointment of Substitute Trustee, and the Substitute

Trustee's Deed were all executed and recorded in Harris County well before the Property was conveyed to Kimberly Taylor in March 2012, to Texas Foreclosure Relief Fund in July 2012, and to Plaintiff in September 2012. Plaintiff has failed to allege facts that state a "fraud in the concealment" claim and Defendants' Motion to Dismiss this claim is granted.

In Claim Four, Plaintiff asserts a fraud in the inducement claim based on the allegation that Defendants misrepresented their entitlement to foreclose and that they were the holder and owner of the Note. As discussed above, the documents attached to Plaintiff's Complaint demonstrate that Defendants were entitled to foreclose because Bank of America was the holder and owner of the Note through the assignment from MERS in 2009. As a result, Plaintiff has failed to allege a factual basis for his fraud in the inducement claim. Defendants' Motion to Dismiss this claim is granted.

### C. Quiet Title Claim

In Claim Five, Plaintiff asserts a quiet title claim under Texas law. To recover on a claim to quiet title, Plaintiff must prove that he has superior title to the Property over Defendants. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). As discussed above, Defendants properly foreclosed, sold the Property at foreclosure, and recorded the Substitute Trustee's Deed almost two months before the purported sale

of the Property to Kimberly Taylor and approximately two and a half years before the Property was conveyed to Plaintiff. Consequently, Plaintiff has not alleged a factual basis for his claim of superior title and Defendants' Motion to Dismiss this claim is granted.

### D. Rescission

In Claim Six, Plaintiff asserts a cause of action for rescission, which is a remedy and not a recognized cause of action. "[R]escission is not a 'claim' or a legal cause of action but an equitable remedy used as a substitute for monetary damages when such damages are inadequate." *Scott v. Sebree,* 986 S.W.2d 364, 368 (Tex. App. – Austin 1999, pet. denied). Because Plaintiff has failed to assert a cause of action that would entitle him to relief from the named Defendants, his request for rescission is dismissed.

## IV. LEAVE TO AMEND

When a plaintiff's complaint fails to state a claim, a court generally should give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiff, who is represented by counsel, filed a Complaint based on key facts that were within his own knowledge. It appears unlikely, therefore, that Plaintiff can amend to state viable

claims for relief.  Plaintiff has not requested leave to amend and, indeed has failed to file any opposition to the Motion to Dismiss.  As a result, the Court enters the dismissal without leave to amend.

## V.    CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final order.

SIGNED at Houston, Texas this 11ᵗʰ day of **October, 2013**.

Nancy F. Atlas
United States District Judge